[Civ. No. 5306. Third Appellate District.—June 1, 1935.]

J. B. ROBINSON, Respondent, v. ALVIN L. HARRY, Defendant; RICE GROWERS ASSOCIATION OF CALIFORNIA (a Corporation), Appellant.

George R. Freeman for Appellant.

Seth Millington for Respondent.

THOMPSON, J.—The Rice Growers Association of California, a cooperative marketing organization, has appealed from a judgment which was rendered against it in a suit upon two promissory notes which were executed by the co-defendant Alvin L. Harry for the security of which the association accepted the owner's order and assignment of $2,000 interest in 3,797 sacks of rice in its custody. The rice was subsequently sold by the association, but payment of the $2,000 was refused.

The defendant Harry was a farmer and a member of the Rice Growers Association of California, a nonprofit, cooperative marketing organization. In November, 1927, Mr. Harry delivered to the association 3,797 sacks of rice, which constituted the large portion of his crop of that season. These 3,797 sacks of rice were stored with the association and joint warehouse receipts therefor were issued to it and to Alvin L. Harry. December 6, 1927, the defendant Harry, accompanied by Charles C. Johnson, field manager for the association, went to the Gridley branch of the Bank of America to arrange for a loan to be secured by an order on Harry's rice in the custody of the association. Mr. Harry was not then indebted to the bank. It later developed that he was indebted to the association for funds which had been advanced for the production of his rice crop for that season, at the rate of $1.50 per sack, aggregating the sum of $5,695.50, although J. R. Craig, the vice-president and manager of the bank, with whom the loan was negotiated, testified that

neither Mr. Harry nor Mr. Johnson told him of this indebtedness, and that the bank had no knowledge of its existence. There is, however, a conflict of evidence on that subject. Relying on the assurance that the association would approve and accept Mr. Harry's order and assignment of a $2,000 interest in his rice which was then in the custody of the association, to secure the notes, the bank then agreed to make the loan. Mr. Harry then executed his note to the bank for the sum of $1,000, which was credited to his account, and as a part of the same transaction, he also executed a written order on the association and assignment of a $2,000 interest in his rice in its custody, to secure the loan. This order and assignment was promptly presented to the association and approved and accepted by it the following day. The treasurer of the association certified that there was no prior indebtedness of Mr. Harry against the rice in his possession. That document reads as follows:

''To Rice Growers Association of California:

''Pay to Gridley Branch, Bank of Italy, Gridley, California, or order, $2000.00 two thousand dollars, from any sums that are or may become due me by reason of delivery to you of the 1927 crop of rice under the terms of your certain contract of purchase with me, duly recorded, if, when and in the manner said sums are payable, except as such sums may be offset by indebtedness to you prior hereto or covered by orders to which you have previously assented. This constitutes an assignment to the extent of its terms of any claim I may have against you under the terms of the contract above mentioned. This assignment-order shall be ineffective until assented to in writing by the Rice Growers Association of California, and shall be paid only upon surrender of this original. This and all other orders against the said sums shall be given priority of payment in the order to which assent thereto is given.

''I certify that I have under actual cultivation and expect to harvest ———— acres of rice subject to the terms of the above mentioned contract and unincumbered other than by orders similar hereto.

''Dated December 6th, 1927.

'' (Signed) ALVIN L. HARRY.

''Assent to the within is hereby given and certification made that the total amount of outstanding orders of this

member to which assent has been given, including this order, *together with such member's prior indebtedness to this association aggregates the sum of $2000.00.*

"Dated, December 7, 1927.

"RICE GROWERS ASSOCIATION OF CALIFORNIA,

"By: T. A. HARRIS, Treasurer."

Relying on the preceding assignment and acceptance on the part of the association, the bank made a further loan of $1500 to Mr. Harry, on December 17, 1927, which was evidenced by his note of that date, payable March 15, 1928. It will be observed that this last note, together with the original $1,000 note exceeds the amount of the assigned security upon the 3,797 sacks of rice in the custody of the association. Subsequently Mr. Harry procured a further loan of $300 from the bank. To secure this last-mentioned loan and $500 of the second note, which was the amount in excess of the sum specified in the preceding assignment, Mr. Harry delivered to the bank his warehouse receipts and an assignment of 1324 other sacks of rice. The second assignment was no part of the original transaction. The 1324 sacks of rice were not in the warehouse of the association when the original assignment was made. Our attention is not called to any evidence indicating that Mr. Harry was indebted to the association in any sum whatever on account of this last consignment of 1324 sacks of rice, or that it had any claim upon this rice for money advanced to the owner. It is true that the bank turned the warehouse receipts for this last-mentioned rice over to the association, and that it subsequently sold that last-mentioned rice at the request of the bank, and paid to the bank the proceeds therefrom amounting to $1800. There is evidence that this payment of $1800 was derived solely from the sale of the 1324 sacks of rice. Neither Mr. Harry nor the association made request of the bank with respect to the application of this payment. The bank, therefore, applied the payment of the $1800 according to the provisions of section 1479 of the Civil Code, first to the payment of the last loan of $300, and then to the satisfaction of the $500 excess of the second note beyond the original amount of the assignment, and the balance was applied to the payment of interest on the entire indebtedness and the remainder was then prorated between the remaining notes, leaving unpaid on the first note the sum of $375, and on the second

note a balance of $937, together with interest on both notes at 7 per cent per annum from December 27, 1929.

The 3,797 sacks of rice, which were in the custody of the association at the time of the original loan, were subsequently sold by it for a sum in excess of the $2,000 for which they were assigned as security. The defendant Harry defaulted in his obligations to pay the balance due on these two notes. They were assigned to the plaintiff, who, after demand upon the association for the payment thereof, brought suit against both Mr. Harry and the association, based upon the notes and the accepted assignment of the $2,000 interest in the rice crop. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the plaintiff on all the material issues which were involved. Judgment was rendered jointly against both defendants for the sum of $1723.76 and costs of suit. From that judgment the Rice Growers Association only has appealed.

On appeal it is contended the findings and judgment against the association are not supported by the evidence, for the reason that the original loan was made before the assignment was accepted by the association and that the bank may therefore not be deemed to have made the loan 'in reliance upon the acceptance; it is claimed the second loan was not made in reliance upon the acceptance of the association; that the field manager Johnson was without authority to bind the association in his effort to assist a member thereof to procure loans; that the court erred in receiving in evidence statements of the officer Johnson in support of an alleged ostensible agency on his part, and that the bank had no authority to apply the payment of $1800 upon the obligations which were incurred subsequent to the association's acceptance of the assignment of Harry's interest in the rice crop.

The findings of the court to the effect that the loans represented by the two promissory notes, for the unpaid balance of which judgment was rendered in this suit, were made by the bank in reliance on the order and assignment of the $2,000 interest in defendant Harry's 3,797 sacks of rice in the possession of the association are adequately supported by the evidence. The vice-president of the bank, with whom the loan was negotiated, was assured that the association would accept the order and assignment which was executed

by Harry at the same time and as a part of the same transaction of making the loan and executing the first note for $1,000. This order and assignment was promptly presented to the association and unconditionally ratified and accepted by it on the following day. There is evidence that the bank did not then know that Mr. Harry was indebted to the association in any sum whatever, although that appears to be an immaterial fact. Indeed, the association certified that he was not indebted to it, by stating that "Assent to the within is hereby given, . . . including this order, together with such member's prior indebtedness to this association aggregates the sum of $2,000.00". This was a complete ratification of the order and assignment, and renders it immaterial whether the field manager Johnson had ostensible authority to bind the association by his statements or his silence with respect to the indebtedness of Harry. (2 Restatement of the Law of Agency, p. 641, sec. 284d.)

It is true that an ostensible agency may not be established by the declarations of the agent himself and on the contrary that his authorization must be proved by the conduct or declarations of his principal. (1 Cal. Jur. 741, sec. 41.) But when an obligation is subsequently ratified by the principal, the admission of evidence of the ostensible authority of the agent becomes immaterial and harmless. Section 2307 of the Civil Code provides: "An agency may be created, and an authority may be conferred, by a precedent authorization or by a subsequent ratification."

Section 2310 of the Civil Code also provides: "A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof."

We are therefore of the opinion that the admission of evidence of the field manager's ostensible authority to assure the bank that the association would accept and ratify the order and assignment was harmless.

 Relying upon the previous ratification of the order and assignment, ten days thereafter the bank made a further loan to Mr. Harry of $1500, which was also secured, to the extent of $1,000 thereof, by the former $2,000 assignment of the owner's interest in 3,797 sacks of rice in the custody

of the association. There can be no doubt of the association's liability on this second note to the extent of $1,000 thereof.

Within a few days after the second loan was made the bank made a further advance to Mr. Harry of the sum of $300. To secure this last-mentioned loan and the $500 excess of the second note beyond the amount of the original $2,000 lien on the rice in the custody of the association, the defendant Harry transferred to the bank his warehouse receipts for 1324 other sacks of rice which were not in the possession of the association. This was a transaction separate and distinct from the original order and assignment upon which this action against the association is founded. This last allotment of rice was subsequently sold at the request of the bank by the association and $1800 of the proceeds of that sale were paid to the bank without any designation of the particular loans to which they desired it to be applied. Since this $1800 payment was derived from the sale of a separate allotment of rice and had no bearing upon the original order and assignment, and since it was made without designation as to its application, the bank was authorized under the provisions of section 1479 of the Civil Code, and did apply it to the payment of the last $300 obligation, together with the $500 excess amount of the second note and the accrued interest thereon. The balance of that $1800 payment was then applied *pro rata* to the two outstanding notes, leaving an unpaid balance of $375 on the first note, and of $937 on the second note, together with interest on both notes at 7 per cent per annum from December 27, 1929. We are satisfied that the association is liable on its accepted and ratified order and assignment of the original 3,797 sacks of rice in its possession for the payment of the balance of these notes from the proceeds derived from the sale thereof.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 1, 1935.